Good morning, Your Honors. May it please the Court, my name is Jillian Nowak, counsel for the petitioner, Mr. Markendahl Jules. With this Court's permission, I would request two minutes for rebuttal. Okay. Thank you. Your Honors, the critical question here before this Court is whether or not Mr. Jules is removable as charged under the immigration regulations. And the text of the removability statute is clear. The government must prove that the noncitizen was, quote, enjoined under a protection order issued by a court whom the court determines engaged in conduct violating that protective order. It was the Department of Homeland Security's burden to prove removability by clear and convincing evidence. And it is that second prong of the statute, the conduct prong, that is at issue in this matter. By the plain text of the removability statute, the conduct prong indisputably requires some evidence of a court determination or finding that Mr. Jules violated a protective order. Under the circumstance-specific approach articulated by this Court in Alvarez, and considering all of the evidence in this record, there's no determination or finding in that evidence that Mr. Jules engaged in the requisite conduct. I usually don't do this, but I'm inclined to agree with you. But what else could the offense, the second-degree offense to which he pled guilty, what else could it have referred to? So the second-degree offense is particularly here because we don't have a subsection even listed. No, I know that. That's maybe why I'm inclined, but what else could it be? It does refer to, you know, a whole, we don't know, and that's the point. We don't know what the court actually found that led to this plea. We don't have the plea or sentencing minutes. And then if we were to agree with you and grant, what could the agency then do? In other words, could it review, what would it review in order to determine whether, in fact, there was a protective order that had been violated? So we're not actually asking this Court to augment the circumstance-specific approach at all. We believe that the evidence was reviewable. I'm not saying that. I'm not suggesting that. I'm asking a question. So what could it do? I mean, in this case, the appropriate remedy was to terminate proceedings because we don't have that court determination that the statute requires. You say that because there is nothing that fits the requirements of the statute, although we can't think of anything else except what would fit the requirements of the statute. Under the BIA's own holdings, that's enough, and we have to throw it out. I think that's correct, Your Honor. The statute is very clear on this. There is a court determination. But my question is, what does terminate, when you say terminate removal proceedings, which is what you, I know, you asked for, what does that mean? So what goes on after that? What can go on after that? Does the agency have no other options? Nothing continues beyond that. The removal proceedings are then canceled. Unless his conviction for assault is affirmed, because then they have a completely different way of getting out. But that's not before us, and it's just not. But what you're saying is that in this case, that's the end of it. He can't be deported. On this charge, yes, Your Honor. And certainly there's nothing preventing the department from issuing or lodging a new notice to appear with additional charges, just like if there was a new arrest that had immigration consequences or this, the assault conviction was affirmed and they had new grounds for removal, they could certainly reinstitute removal proceedings. But you've got to admit that to people who are constantly finding that people are deportable under very doubtful circumstances, because the law is so favorable to deportation, to have a case like this, which says it can't be anything else, but because of a literal language is not met, deportation is forbidden, is a little uncomfortable. I understand the discomfort here, but I do think the only evidence that really we were looking at was allegations, right? There were allegations against Mr. Jules that he violated this protective order. But the statute is clear for a reason. There's a reason that there's a court determination requirement. We simply don't have that here. I think what also might ease some of the discomfort, Judge, is the district attorney's letter, which does- Withdrawing the charges saying there's not enough evidence. Very clearly saying we can't prove up all of the elements for criminal contempt in the first, which was the statute at issue in Alvarez, which would have given us enough under the removability statute because there would clearly be a court determination. And we just don't have that here. Okay. So we do have, this is obviously distinguishable from Alvarez for that reason. I think if we had in this case, though, Your Honor, too, if we had something like the plea minutes or the sentencing minutes, as the motion panel had mentioned, that gave us some idea of why this determination was made for Mr. Jules, it would be enough. And we don't have that here. The respondent does ask this court to interpret, then, the circumstance specific approach to permit this evaluation of conduct in the absence of a court determination. And that reading disposes entirely of the plain text of the statute. For that reason, Your Honors, we do ask this court to vacate the order of the immigration agency below and terminate these- But you want us to grant the petition? That's correct. Okay, great. Thank you very much. We believe that termination is appropriate. But if Your Honor is more comfortable with remanding with specific instructions to terminate, I think that's also appropriate. Thank you very much. Well, I'm sorry. It's just as a, is there a difference? There is a timing difference? There is a timing difference. And Mr. Jules has been detained for over four years in civil detention. So we would urge this court to terminate outright. Okay. If there are no further questions, Your Honors, I will reserve my time. Thank you. Thank you. Good morning, Your Honors. May it please the court, Rodolfo Saenz for the U.S. Attorney General. I want to turn to the issue of removability, which is the key issue that the court declined. The position of the government is that the statutory language here does not just require a determination about whether there was a violation, but it requires a determination about whether there was engagement in conduct that violates a protection order. And that jurisdiction is very important. This court in Alvarez, addressing the issue of whether the categorical approach should apply or the circumstance-specific approach should apply. I'm sorry to interrupt. Excuse me? I'm sorry to interrupt, but, and you can say whatever you want, but would you address at some point the DA's letter that says we do not have enough evidence to prove the offense which would, I think, had it been proven, would have definitively shown that he had violated a protective order? Agreed, Your Honor. So the DA affirmance filing, which was filed with the New York court, clarified that it was going to go with a lesser included offense, which is second degree assault. The next day, so that affirmance was on April 28th. On April 29th, there was a letter filed to the court indicating that Mr. Jules agreed to plead to the second degree contempt statute and specifically to subsection three. So it's important to... Is that in the administrative record? Yes, Your Honor. Where is that? That the district attorney letter dated April 29th is AR 569. But that's not the only piece of evidence that supports the notion that subsection three here was at play. We also have the amended complaint, which was dated a couple of weeks back, April 11th. And there, in crossing out the first degree contempt charge and replacing it with the second degree contempt charge, it included language that tracks subsection three, namely that it was, that petitioner intentionally disobeyed a lawful order of a court. We know from the New York jury... A lawful order of a court, but with respect to the specifics that the statute requires in order for him to be deportable, that is with respect to harassment or other things. Is that in it? I mean, there's no doubt that he pled guilty, but did he plead guilty to something that had the requirements for deportation? So just to clarify again, going back to the DA affirmance letter, the reason it was withdrawing the first degree charge was because they couldn't show the intent to harass, stalk, et cetera. We don't know the reason. And see, my problem is I'm very sympathetic to the notion that this guy probably did all that. But my problem is if we affirm, if we go with you, what do we do in other cases which are not as clear as this one, when the specific requirements of the statute don't seem to be made? The specific requirements of the statute... Being that a court finds, et cetera, et cetera. Correct. And the reason for that, though, is because we're distinguishing the categorical from the circumstance-specific approach. Well, but then you're opening the circumstances things to something which would be way open in any number of cases. Correct. And even under the circumstances and under the BIA's own offer market, whatever that case is, which I can never pronounce, there are specific requirements. It's important to reiterate as well, Your Honor, that the purpose for subsection A2E2 was to be broad, to dissuade petitioners from engaging in any kind of domestic violence in the first instance. That's why there was a level of discomfort. But the BIA's own precedent seems to suggest to me that there's got to be a determination that a state court has determined as opposed to a prosecutor has determined that there has been a violation of a protective order. And would you tell me in the administrative record where the agency made a finding that a court found that he had violated the protective order as opposed to the prosecutors suggest that or say that he has violated a protective order? I believe the most helpful language for Your Honor would be the immigration judge decision. Let me just track down the page for you. So this, I don't have it in front of me, Your Honor, but the immigration judge does say that the conviction was premised on violation of the protection order. And we have to include here that we're looking at the conduct underlying the conviction as well. On what basis does the immigration judge say that? On the basis of a court decision, on the basis of one of the things that the statute requires, or on his or her feeling of common sense? There's no doubt that the immigration judge thought that this was going on, just as all of us are saying we think it was. But where is the requirement of a statute met? I think it's important, again, to realize that the distinction, there's, this court has already recognized, even in the categorical approach, when we're looking at the modified Shepard documents, the limited scope of documents, that this court has affirmed decisions by the agency where there is a subsection missing from some of the documents underlying or preceding the ultimate conviction. And here, the certificate of conviction, we concede, does not reference the subsection number. But if you look at the district attorney letter, the amended complaint tracking the language of subsection 3, the police report indicating that there was an offense. You are telling us that we can't understand what else might have been going on. And I agree with you, I can't understand what else might be going on. But that's, yeah. Okay. I mean, the issue, it's almost a, really, I'm not a textualist, I'll just admit that, but the statute says the agency's got to determine that a court has determined, and that seems to be a strict requirement. Maybe we're wrong, maybe we're right about that, but that appears to be a strict requirement. And your own precedent suggests that the, however clear it might be, that the agency under 1227, is it, A2E2, needs to refer to a state court finding, not prosecutorial documents, not anything else. A state court has found, not premised on, not appears to be premised on, a state court has found that there's been a violation of the protective order and that was the basis for the conviction. And maybe that's silly, but that seems to be what the statute requires, that seems to be what the agency strongly suggests in its own precedent. And it's not a heavy lift for IJs to undertake that, you know, that almost linguistic approach. But it seems to be changing the standard, Your Honor. The circumstance-specific approach is what governs here under Supreme Court precedent relative to the underlying circumstances to divine what the offense concerned and what the court here, in this case, made a determination about. Okay. Good. All right. Thank you. Is there anything? You've got some time left, so. I think given the time at this point, I will just close and quickly turn to if in the event this court disagrees with the government's position, the best action to be taken would be to remand for the agency to make a determination about termination. We agree that there might be exceptional circumstances, but there's no authority in this court to suggest that where the issue is still in dispute factually or whether, for example, a state about what provision was violated with respect to it. So how would that work? We would remand, and the agency, presumably an IJ, would then try to find the state court determination and rely on that? It may. Because what your friend says is that we're required to terminate the proceedings, and we can do it by remand, or we can do it directly. You may have a view on that, but with respect to the removal proceedings that were triggered by this conviction, the requirement is termination. Is that wrong? That would not be our position because we're working with the ordinary remand rule. This is not a court where the court is deciding relief. It is a court where it's simply reviewing an agency determination and deciding. Yes, but we normally say to the agency, this is what we have found. So maybe we terminate, or maybe we tell the agency to terminate. But for us to act as if, go back to the agency and then try to bring up other things which were not before us, I don't think we've ever done. Other things being other facts which you could have, you know, go back and see if you can find a court finding. We could do that in any case and say, go back and see if you can make out your case. That doesn't make any sense. I mean, you're much better off trying to get this appeal and the assault case covered. We believe that the authority, how to decide the case, should be reserved for the agency in the first instance. But here, where the court seems to be interpreting this court determines and engaged in conduct in a way that's different than the Alvarez case, that means that there should be something there for the agency to determine in the first instance.  Thank you very much. Thank you, Your Honor. We've been hard on you, but it's that kind of case. I'm sorry. So there's some time for rebuttal. Thank you, Your Honors. I will try to be brief. Just a couple points here. My adversary indicates that it's not just a court determination requirement. The agency then steps in to make these determinations about conduct. That is why the circumstance-specific approach applies here. So the agency does step in to consider all of this evidence and whether or not the requisite portions of the protective order were violated, right? But that's only after there is a state court determination. That's only what? That's only after there's been a state court determination that the protective order was violated in the first instance. And my adversary cannot point to any place in this record where that state court determination Sorry. So after the agency makes a state court, after the agency finds that there's been a state court determination that the protective order has been violated, isn't that the end of the story? The agency then still has to look at whether or not the requisite parts of the protective order were violated, whether or not they protected against credible threats of violence. That's not an issue in this case. I don't intend to confuse the issue. But we don't have the court determination in the first instance. That's why it's not an issue in this case. What you're saying, if I understand you, is that once there is a finding of a state court which you say is missing here, then instead of looking under the categorical approach, the agency looks under the circumstances approach and sees whether the particular one, but that we never get to that because you don't have step one. That's exactly correct. And it's not so far as the categorical approach where a conviction is required. That's not our position. So to your point, Judge Calabresi, the circumstance specific approach doesn't allow the immigration court then to redo the criminal case. The second point that I wanted to make, my adversary does point to the part of the Rockland County District Attorney submission that indicates the petitioner was possibly pleading to subsection three. That's not what he pled to. It's very clear from the certificate of conviction that he pled to no subsection. No, no, no. But I think that the argument is that that's a further subsequent clarification of what he pled to. I think it could provide some clarification to the agency if they were engaging in the rest of the conduct inquiry. But even under subsection three, we don't have the clear language that he violated a protective order like we do for criminal contempt in the first degree. But I thought the thrust of the argument was that we didn't know what subsection, one thrust of the argument was we didn't know based on this record what subsection he was. That's true. Yeah. That's correct. We don't. Now we've got a pretty good idea. We don't. But even if the certificate of conviction did specify subsection three, it would be our position that it was not sufficient because that doesn't specify that a protective order was violated as well. So. What else could it be? Well, you know what? I'm belaboring that. I'm belaboring that point, yes. So I am, I don't know that I would express a level of discomfort, but I, I can, you know, we were all in the judicial business and there is a level of common sense where it's pretty obvious what happened. And there's, but there's a, there's a statutory textual restriction or maybe not restriction so much as an affirmative requirement that the IJ goes almost robotically through. Is that, and that's your argument. And perhaps it's statutory protection in cases where it really is not clear. Yeah. Yeah. Yeah. So my last point. One thing on the decreed, you know, the termination issue. Yes. You heard your, you heard the government. Yes. Do you have a response to that? So I don't think remand is appropriate here for a couple of reasons. First being that there, there is no, there's no removal proceeding once this issue is decided. And if it's decided in our favor because it's dispositive, there's no, there's no factual or legal issue for the court to revisit on remand. There's also no opportunity at that point for anyone to introduce new evidence. As I said before, the government is able to initiate new proceedings, even if this court terminates, but there's no opportunity for the government to now come back and bring in new evidence altogether. In the instant proceeding. So it is our position that remand is not appropriate here and that this court should terminate outright.